# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LAZONE HOLLYWOOD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14CV67 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive.

Movant pled guilty to distribution of crack cocaine. United States v. Hollywood, 1:08CR153 SNLJ (E.D. Mo.). On November 6, 2009, the Court sentenced movant to 144 months' imprisonment. Movant did not file an appeal. On September 14, 2012, movant filed his first motion to vacate pursuant to § 2255. Hollywood v. United States, 1:12CV155 SNLJ (E.D. Mo.). The Court dismissed the motion as untimely on October 22, 2014.

Movant filed the instant motion on May 15, 2014. He alleges that he was incorrectly sentenced as a career offender based on the recent Supreme Court case Descamps v. United States, 133 S.Ct. 2276 (2013), in which the Court held that the district courts may not apply the modified categorical approach to sentencing under Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. E.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d

Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief. Rather than dismiss this action, however, the Court will transfer it to the Court of Appeals pursuant to 28 U.S.C. § 1631.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall transfer this action to the Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 30th day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE